UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MARILYN ADAMS BACHOE, MARY BAKER, KELLY BARCAL, TERRENCE BARMCLE,, Individually and as Administrator of the Estate of EILEEN BARNICLE, MARGARET BARRETT, NELLINA BARTUCCI,, MARY BAZEL, ROBERT BENKOWSKI, as Administrator of the Estate of RUBY BENKOWSKI, LISA BESCH, HEATHER BOSTON, as Administrator of the Estate of MARILYNN TWIGG, COLLEEN CASTNER, JENNIFER CHADWICK, BARRY CHAFETZ, as Administrator of the Estate of FRANCES CHAFETZ, KEITH CHVAL, as Administrator of the Estate of ARLENE CHVAL, MELVIN COLE, as Administrator of the Estate of BARBARA COLE, MARY COLONNA, HARIETTE CONDES- ZERVAKIS, MARY COULMAN, ANTIONETTE CRISTALLO, as Administrator of the ESTATE of JUANITA JUNE CRISTALLO, NANCY DAMON, LORA DARROW, BETH DECAVITCH, DOROTHY JEAN DIPISA, CYNTHIA DOLLE, MARK EBEID, as Administrator of the Estate of NAGAT EBEID, MARYANN EGLASTON, PATRICIA ESSIG, GREGORY ESPOSITO, as Administrator of the Estate of JOYCE ESPOSITO, MELANIE FELDGES, ALICIA FERREIRA, JOANN FINLAY, SANDRA FISHER, NAVEEN GABRIEL, as Administrator of the Estate OF NABILA GHALI, THOMAS GANNON, as Administrator of the Estate of TRACEY GANNON, SUSAN GEEVER, SAIDA GIESELMANN, MARIANNE GRACE, KRISTIN GUSTAFSON , MECHELE HADDAD, as Administrator of the Estate of DIXIE LEE HADDAD, JANICE HALVERSON, NANCY HAMOUZ, DONNA HAYES, CHARLES HENKEL, as Administrator of the Estate of CAROL BUHLE, PATRICIA HUTCHESON, SALOME VENEGAS, as Administrator of the Estate of VIRGINIA JANIS, JELKA JEKNIC, SUSAN JESKE, JOANNE JONES, SANDY JUST, JENNIFER KASSIR, MAGDALENA KIM, KATHY KINSELLA, JANINE KIWIET, ANN KNUTSON, MARYANNE KOLL, KAZIMIERA KOWALSKI, WALTRAUD KOZAK, SUSAN KSIAZEK, JUDITH KURZEJA, LINDA LARMON, KARYL LEONARD, DIANA LIPINIS, EILEEN LIPPI, TAMMIE LOCHER, RICHARD LOCKWALD, as Administrator of the Estate of ELLEN LOCKWALD, DOLORES LOMBARDO, THOMAS McNEELA, as Administrator of the Estate of JOAN McNEELA, ALISON McNUTT, GERALDINE McSTAY, ALDONA MALALA, DOREEN MANGIANTINI, DORTHEA MARTIN, RAQUEL RUBY MELLIZA, MARY MESKE, SUZANNE WEBER MISSAR, as Administrator of the Estate of** | Case No. 22-cv-6292 |

**MELISSA HUFSTADER, HEIDI MURPHY, JEAN MURPHY, JEAN O'CONNELL, JANET PANFIL, DIPIKA PATEL, CLAUDIA PATON, CATHERINE PFOLSGROF, MARYCAROL PILCH, ANN-MARIE PISKULE, JUDITH PISTER, BOZENA PLYWACZ, BIANCA POPE, JUDITH PRESCOTT, KAREN RANDA, SUSAN REYNOLDS, AMY RITCHEY, ELVIA RODRIGUEZ, CAROL ROSENTHAL, SHERRY SALBERG, CHRISTINE SHOTTLER,** as Administrator of the Estate of **LILLIAN BRADY SHOTTLER, TERESINO SISTO, PILERIA SORRENTINO , JOANN SOUREK, MARIANN SRENIAWSKI, BETTY STARKS, ROSEMARY SYLVESTER, SARA VERGHESE, ROBERTA WHIGAM, SHELLEY WIEGMANN, BONNIE WILSON, LAWRENCE WOLF,** Administrator of the Estate of **LORRAINE WOLF, STEPHANIE YUSKIS,** and **MARK ZEGLEN,** as Administrator of the Estate of **ANNA GALICA,**

       Plaintiffs,

  v.

**SOTERA HEALTH COMPANY**, a Delaware Corporation, f//k/a **SOTERA HEALTH TOPCO, INC**, a Delaware corporation, f/k/a **STERIGENICS-NORDION TOPCO, INC**, a Delaware corporation, f/k/a **STERIGENICS-NORDION TOPCO, LLC**, a Delaware limited liability company; **SOTERA HEALTH HOLDINGS, LLC**, a Delaware limited liability company, f/k/a **STERIGENICS-NORDION HOLDINGS, LLC**, a Delaware limited liability company; **SOTERA HEALTH LLC**, a Delaware limited liability company, f/k/a **STERIGENICS INTERNATIONAL LLC**, a Delaware limited liability company, f//k/a **STERIGENICS INTERNATIONAL, INC**, a Delaware corporation; **STERIGENICS US, LLC**, a Delaware limited liability company; **SOTERA HEALTH TOPCO PARENT, LP**, a Delaware limited partnership, f/k/a **STERIGENICS-NORDION TOPCO PARENT LLC**, a Delaware limited liability company, f/k/a **STERIGENICS-NORDION TOPCO PARENT, LP**, a Delaware limited partnership; **MICHAEL B. PETRAS, JR.**, an individual; **PHILIP W. MACNABB.** an individual; and **MICHAEL J. MULHERN**, an individual,

       **Defendants.**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441 *et seq.*, Defendants Sotera Health Company, Sotera Health Holdings LLC, Sotera Health LLC, Sterigenics U.S., LLC, Michael B. Petras, Jr., Philip W. Macnabb and Michael J Mulhern (collectively, the "Defendants")[1] hereby jointly file this notice of removal of the above-captioned action to this Court and state as follows:

## I. INTRODUCTION

1. This above-captioned case arises from of a series of distributions and refinancings, made between March of 2015 and December of 2019 in the ordinary course of business, involving Sotera Health Company and various affiliates, which Plaintiffs allege violate Illinois' Uniform Fraudulent Transfer Act ("IUFTA").

2. The above-captioned action is properly removed to this Court pursuant to the federal removal statute, 28 U.S.C. § 1441, because: (i) the action is pending in the Circuit Court of Cook County, Illinois, which is within the Northern District of Illinois, Eastern Division, 28 U.S.C. § 93(a)(1); (ii) this Court has original jurisdiction; and (iii) the procedural requirements for removal set forth in 28 U.S.C. § 1446 and 28 U.S.C. § 1453 are satisfied.

3. More specifically, this Court has original jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because this case is a mass action, the parties are minimally diverse, and the amount in controversy exceeds $5 million.

---

[1] The only "defendant" named in the Complaint that is not seeking removal is Sotera Health Topco Parent LP because that limited partnership dissolved in 2021. The consent of this entity, which no longer exists, is not required for the Defendants to remove this case under 28 U.S.C. § 1453(b). As discussed in Paragraphs 12-17, *infra*, this case is removable under 28 U.S.C. §§ 1332(d) and 1453(b).

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

4. Defendants are the existing named Defendants in Civil Action No. 2022-L-009825 (the "State Court Action"), an action filed in the Circuit Court of Cook County, Illinois by more than 100 plaintiffs seeking relief under IUFTA.

5. The Complaint and Jury Demand in the State Court Action (the "Complaint") was filed with the Clerk of the Circuit Court of Cook County on November 1, 2022. Summonses were filed with the Circuit Court on November 4, 2022. Defendants have not yet been served with the Complaint or Summons.

6. Because Defendants have not been served, this Notice of Removal is timely under 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day time limit for removal runs from date of *formal service* of the complaint).

7. Defendants have not responded to the Complaint in the State Court Action because Defendants are removing this action before their responsive pleading deadline.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the State Court Action is pending within this district and division. *See* 28 U.S.C. § 93(a)(1).

9. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders are attached hereto as Exhibit A.

10. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a removal notice with the Clerk of the Circuit Court of Cook County, Illinois, and will serve written notice of the same upon counsel of record for Plaintiff.

11. In compliance with 28 U.S.C. § 1446(a), this Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

### III. CAFA JURISDICTION

    A. **Original Jurisdiction Under CAFA**

12. As set forth below, this Court has original subject matter jurisdiction over the above-captioned action, which is removable under 28 U.S.C. §§ 1332(d) and 1453(b).

13. Under CAFA, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *see also Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679-82 (7th Cir. 2006) (describing elements of CAFA jurisdiction).

14. The amount in controversy in this matter far exceeds $5,000,000, as Plaintiffs allege compensatory damages for each individual Plaintiff of approximately $38 million, in excess of $4 billion across all Plaintiffs. (Complaint, ¶ 86).

15. CAFA's minimal diversity requirement is plainly satisfied as Plaintiffs are all Illinois citizens and Defendants[2] are not all Illinois citizens. (Complaint, ¶¶ 1-51); (Exhibit B, Declaration of Laura A. Wilson at ¶¶ 2-6.)[3]

---

[2] The Complaint in the State Court Action names dozens of "respondents in discovery" under Illinois Supreme Court Rule 224, including the "unknown" respondents in discovery. Under Illinois law, "respondents in discovery are not parties to the action in which they are named." *Westmeyer v. Flynn*, 889 N.E.2d 671, 673 n. 2 (Ill.App. 2008). In addition, respondents in discovery are not considered for any aspect of removal analysis. *See Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1485, n.3 (7th Cir. 1996) ("In her motion to remand, Jass claimed that diversity of jurisdiction did not exist because both she and Dr. Anderson were citizens of Illinois. But at the time she filed her motion to remand, Dr. Anderson was not a party in the lawsuit, but merely a respondent-in-discovery. Thus, his citizenship for purposes of diversity was irrelevant."). *See also Wisniewski v. City of Chicago*, No. 98 C 7682, 1998 WL 895746, at *1 (N.D. Ill. Dec. 15, 1998) ("'Respondents in discovery' are creatures of a special provision of Illinois law that permits a plaintiff to seek no relief other than the possible provision of information relevant to plaintiff's underlying substantive claims. As such, those respondents are purely nominal defendants for federal purposes, so that they play no part in any removal equation[.]").

[3] The only Defendant alleged to be a citizen of Illinois is individual Defendant Michael Mulhern. Mr. Mulhern's inclusion as a Defendant has no impact on the Court's original jurisdiction under CAFA because CAFA's

16. Under CAFA, "mass actions" qualify as class actions if they meet the criteria of 28 U.S.C. § 1332(d)(2)-(10). A "mass action" is defined under CAFA as a civil action in which "monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact," but "jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under [28 U.S.C. § 1332(a)]." 28 U.S.C. § 1332(d)(11)(B)(i).

17. There are more than 100 individual plaintiffs[4] named in the Complaint in the State Court Action who all seek, among other things, monetary relief in the form of "a judgment for the value of the asset(s) transferred pursuant to IUFTA §9(b)." (Complaint at p. 52.). All of Plaintiffs' claims are identical, and pertain to Plaintiffs' efforts under IUFTA to avoid certain alleged dividend payments which allegedly took place in 2017-2019, along with the request for injunctive relief and appointment of a receiver. Plaintiffs' claims thus involve common questions of law or fact. Therefore, the instant case is a mass action and thus, a "class action removable under" CAFA. 28 U.S.C. § 1332(d)(11)(A).

18. Plaintiffs allege that compensatory damages in the instant case amount to approximately $38 million per plaintiff. (Complaint, ¶ 86.) Therefore, this Court has original jurisdiction over all of their claims under CAFA. 28 U.S.C. § 1332(d)(11)(B)(i).

## IV. CONCLUSION

19. Because the procedural requirements for removal and CAFA's original jurisdiction requirements are satisfied, Defendants have properly removed the above-captioned

---

minimal diversity requirement only requires one plaintiff and one defendant to be diverse in citizenship. *See* 28 U.S.C. § 1332(d)(2)(A).

[4] Complaint, ¶ 86 (noting that there are "109 Plaintiffs here"). Plaintiffs are individual plaintiffs, some of whom bring their claims as trustees or administrators.

action from the Circuit Court of Cook County, Illinois to this United States District Court for the Northern District of Illinois.

20. If any questions arise about this removal, Defendants respectfully request the opportunity to present briefing and oral argument in support of removal.

21. By filing this Notice of Removal, Defendants do not waive, either expressly or implicitly, their rights to assert any defense or other objection that they could have asserted in the Circuit Court of Cook County, Illinois, including, without limitation, those related to personal jurisdiction, inconvenience of the forum, venue, or joinder.

**WHEREFORE**, Defendants Sotera Health Company, Sotera Health Holdings LLC, Sotera Health LLC, Sterigenics U.S. LLC, Michael B. Petras, Jr., Philip W. Macnabb and Michael J. Mulhern, by counsel, remove the above-captioned action from the Circuit Court of Cook County, State of Illinois, to this United States District Court for the Northern District of Illinois.

Date: November 10, 2022          Respectfully submitted,

By:   /s/ *Morgan R. Hirst*
Carol A. Hogan
chogan@jonesday.com
Morgan R. Hirst
mhirst@jonesday.com
JONES DAY
110 N. Wacker Dr., Suite 4800
Chicago, Illinois 60606
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

*Attorneys for Defendants Sterigenics U.S., LLC and Sotera Health, LLC*

5

By:   /s/ *Bruce Braun (with consent)*
Bruce Braun
bbraun@sidley.com
Colleen M. Kenney
ckenney@sidley.com
Eric Mattson
emattson@sidley.com
Paul E. Veith
pveith@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Attorneys for Defendants Sotera Health Company, Sotera Health Holdings LLC, Michael B. Petras, Jr., Philip W. Macnabb and Michael J Mulhern*

6

## CERTIFICATE OF SERVICE

I certify that on November 10, 2022, the undersigned as counsel for Defendants Sotera Health LLC and Sterigenics U.S., LLC served the foregoing Notice of Removal on counsel of record listed below, via electronic mail and U.S. mail:

Patrick A. Salvi II
Lance D. Northcutt
Jennifer Cascio
**SALVI, SCHOSTOK & PRITCHARD P.C.**
161 N. Clark Street, Suite 4700
Chicago, Illinois 60601
(312) 372-1227
Psalvi2@salvilaw.com
lnorthcutt@salvilaw.com
jcascio@salvilaw.com

Andrew R. Schwartz
Thomas Kanyock
**SCHWARTZ & KANYOCK, LLC**
Counsel for Plaintiffs
33 North Dearborn Street, Ste. 2330
Chicago, IL 60602
(312) 441-1040
andy@schwartz-lawyer.com
tjk@schwartz-lawyer.com

*Attorneys for Plaintiffs*

*s/ Carol A. Hogan*
Carol A. Hogan
chogan@jonesday.com
JONES DAY
110 North Wacker Drive
Chicago, Illinois 60606
Telephone: +1.312.782.3939
Facsimile: +1.312.782.8585